# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Tony Ontia Brown,<br><br>   Plaintiff,<br><br>vs.<br><br>Gloria Carpenter,<br><br>   Defendant. | Case No. 3:17-cv-00425-RCJ-WGC<br><br>**ORDER** |

  Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 36) (the Recommendation) entered on June 25, 2020, recommending that the Court deny Defendant's Motion for Summary Judgment (ECF No. 20) and Plaintiff's Motion for Summary Judgment. (ECF No. 29). No objection to the Recommendation has been filed. This action was referred to Magistrate Judge Cobb under 28 U.S.C. § 636(b)(1)(B) and Local Rule IB 1-4 of the Rules of Practice of the United States District Court for the District of Nevada.

  The Court has considered the pleadings and memoranda of the parties and other relevant matters of record pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule IB 3-2. The Court accepts and adopts the factual background and the legal standards of the Recommendation. Based on the record, however, the Court finds that no trier of fact could reasonably determine that Defendant

1  exhibited deliberate indifference. The Court therefore grants summary judgment in favor of
2  Defendant and rejects the Recommendation in this respect.

3  Plaintiff's only evidence that Defendant was deliberately indifferent is the inference he
4  draws from the delay in obtaining his dentures. The record, however, is devoid of any evidence
5  that Defendant could have remedied this problem. Defendant promptly responded to all of
6  Plaintiff's grievances explaining the situation, (ECF No. 21 Ex. B), and approved his specialized
7  "mechanical soft diet" the same day that Plaintiff's physician recommended it, (ECF No. 22-1).
8  As Defendant explained in these grievances, the prison initially lacked a dentist but was in the
9  process of hiring one. Furthermore, Defendant lacked the authority to send Plaintiff out of the
10 prison for medical treatment, *see* Nev. Dep't Corr. Admin. Regul. 613.02,
11 http://doc.nv.gov/uploadedFiles/docnvgov/content/About/Administrative_Regulations/AR%2061
12 3%20-%20042213%20-%20NO%20CHANGES.pdf (June 17, 2012) ("Any out-of-institution . . .
13 treatment must have prior approval of the Utilization Review Panel . . . ."), and there is likewise
14 nothing in the record to indicate that Defendant had the authority to transfer Plaintiff to another
15 prison or to expedite the hiring process of a dentist. Plaintiff therefore has failed to present
16 evidence sufficient to show that Defendant acted with deliberate indifference to Plaintiff's serious
17 medical need as nothing in the record suggests that Defendant is responsible for the delay. *See*
18 *Newton v. Clark*, 441 F. App'x 482 (9th Cir. 2011) (affirming dismissal of a claim of deliberate
19 indifference to a serious medical based on a delay in treatment when the plaintiff failed to allege
20 "that any of the named defendants were responsible for the delay") (citing *Farmer v. Brennan*, 511
21 U.S. 825, 837 (1994)). Accordingly, the Court grants summary judgment in favor of Defendant.
22 ///
23 ///
24 ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 36) is ADOPTED IN PART and REJECTED IN PART.

IT IS FURTHER ORDERED that the Defendant's Motion for Summary Judgment (ECF No. 20) is GRANTED.

IT IS FURTHER ORDERED that the Plaintiff's Motion for Summary Judgment (ECF No. 29) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated October 22, 2020.

_____
ROBERT C. JONES
United States District Judge